UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DEYESSO | C.A. No.: 08-11538 - LTS |
| Plaintiff, | |
| v. | |
| KAIZEN MANAGEMENT, LLC, KAIZEN MEDIA HOLDINGS, LLC, KAIZEN VIRTUAL TRAINING, LLC, D. KIM HACKETT, AND KEVIN CONNOR | |
| Defendants. | |

**COMBINED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND, ALTERNATIVELY, MOTION TO TRANSFER VENUE**

Defendant Kevin Connor hereby files his Combined Motion to Dismiss for Lack of Personal Jurisdiction and, Alternatively, Motion to Transfer Venue and states as follows:

With respect to Defendant Kevin Connor, this is a lawsuit to enforce a purported Guarantee (the "Guarantee") of a promissory note (the "Note"). The "Lender" under the Note is apparently a resident of Massachusetts and the borrowers under the Note and all of the guarantors are residents of Florida. Defendant Kevin Connor is not a party to the Note and he did execute the Guarantee. The Guarantee does not have a forum selection clause, a submission of jurisdiction clause or a any other clause involving the appropriate forum to hear this action. Because Mr. Connor has no contacts with Massachusetts, this Court does not have jurisdiction to hear this action. Further, even if this Court determines that it does

have personal jurisdiction over Mr. Connor, venue is improper in this Court and the action should be transferred to Florida, the location of Mr. Connor and the other Defendants.

## I. Factual Background

The Guarantee (attached hereto as Exhibit "A") was executed by Mr. Connor, on or about January 7, 2008. The Note was executed on that same date. Mr. Connor did not execute the Note. The borrowers under the Note, which was apparently executed on the same date as the Guarantee (attached hereto as Exhibit "B") are two entities, Defendants Kaizen Media Holdings, LLC and Kaizen Virtual Training, LLC (collectively with Defendant Kaizen Management, LLC, "Kaizen"). All of the Kaizen entities are Florida limited liability companies with all of their operations in Broward County, Florida. *See* Affidavit of Kevin Connor, attached hereto as Exhibit "C." Mr. Connor has a significant but non-controlling interest in certain of the Kaizen entities. The "Lender" under the Note is Plaintiff.

Since Mr. Connor executed the Guarantee, Plaintiff has embarked on a campaign of intimidation aimed at forcing Mr. Connor to relinquish his ownership rights in Kaizen. By controlling Kaizen, including through certain entities that he controls that in turn control Kaizen and co-Defendant Kim Hackett ("Hackett"), Plaintiff himself has caused Kaizen to default on its payment obligations to Plaintiff. Eventually, Mr. Connor stopped working for Kaizen as an employee, but he is owed hundreds of thousands of dollars in compensation. In addition, Mr. Connor has retained a substantial ownership interest in Kaizen.[1]

---

[1] In addition to bringing this action, Plaintiff also conducted a bogus auction of Mr. Connor's shares in Kaizen pursuant to a supposed security agreement involving the Note. The action was bogus for a number of reasons, including Plaintiff's failure to give Mr. Connor notice of the auction under the very security agreement that Plaintiff claimed to be enforcing. For this reason, notwithstanding Plaintiff's bogus auctioning of Mr. Connor's shares, Mr. Connor remains an owner of Kaizen.

Importantly, Kaizen is a very busy and profitable business. It is a technology company that Mr. Connor started. It has a significant staff and payroll and an impressive client list. While Mr. Connor does not believe that Kaizen is generating a substantial net cash flow at this time, not unlike many technology upstarts, it remains a highly valuable enterprise with substantial intellectual property holdings and impressive projected earnings.

Rather than run the business in a prudent manner so that all of the investors could enjoy returns on their investments, Plaintiff has simply attempted to squeeze Mr. Connor out of the enterprise through a campaign of intimidation and deceit. The gory details of Plaintiff's campaign are beyond the scope of this Motion. However, suffice to say that Plaintiff made the working environment impossible, the financial obligations unreasonable and has resorted to expensive legal maneuvering aimed at forcing Mr. Connor to concede his ownership in Kaizen, a business that he created, to Plaintiff. This lawsuit is just one manifestation of Plaintiff's campaign.

Importantly, Mr. Connor and Kaizen have no relationship to Massachusetts whatsoever. Kaizen is a Florida business and Mr. Connor lives in Florida. The only connection this lawsuit has to Massachusetts is that Plaintiff lives there. *See* Ex. C, ¶¶3 -4.

In sum, Mr. Connor and the other parties to this lawsuit are embroiled in a significant legal dispute over the ownership, control and operation of Kaizen that goes far beyond the scope of this litigation. Massachusetts has nothing to do with that dispute and Mr. Connor has certainly never submitted to the jurisdiction of Massachusetts for any purpose related to that dispute, including this lawsuit. Ex. C. This action, and the others related to it, should be heard in Broward County, Florida. Ex. C, ¶ 5.

II.   Legal Argument.

   A.   **This Matter Should Be Dismissed Against Mr. Connor For Lack of Personal Jurisdiction.**

The legal standard for determining personal jurisdiction is well settled:

> The Due Process Clause requires that "in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' For specific jurisdiction, the constitutional analysis is divided into three categories: relatedness, purposeful availment, and reasonableness. First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Phillips v Prairie Eye Center*, 530 F.3d 22 (1st Cir. 2008) (quoting *Int'l Shoe Co. v Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Milliken v Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)) (internal citations and quotation marks omitted). This Court has no personal jurisdiction over Mr. Connor according to the analysis in each of these categories.

   1.   **This Claim Is Not Related to Any Activities of Mr. Connor in Massachusetts.**

Mr. Connor has never engaged in any business in Massachusetts related to this lawsuit, nor in connection with his dealings with Plaintiff and Kaizen generally. Ex. A, ¶¶ 3 - 4. This lawsuit was brought against Mr. Connor as a signatory to the Guarantee and that Guarantee in no way mentions the state of Massachusetts. Ex. A. The only document cited

in the Complaint [D.E. ___] that relates in any way to Massachusetts is the Note. Ex. B. Cmplt. at ¶ 7. But Mr. Connor never executed the Note.

The document that Mr. Connor did execute in connection with this lawsuit, the Guarantee, does not contain a choice of law provision or forum selection clause. It's only mention of the state of Massachusetts is a vague reference above the signature block: "Executed as a sealed instrument under Massachusetts law." Ex. A at 4. In sum, Mr. Connor has no connection whatsoever to Massachusetts, generally, and certainly not in connection with the facts alleged in this lawsuit. Therefore, Mr. Connor has not made sufficient minimum contacts with the state of Massachusetts for this Court to exercise jurisdiction over him. *See Callahan v. Harvest Bd. Intern., Inc.*, 138 F.Supp. 2d 147, 160 (D. Mass. 2001) (denying jurisdiction on enforcement of notes when "the notes themselves bear no relationship to Massachusetts" because "they were not negotiated in Massachusetts, . . . they are not controlled specifically by Massachusetts law," and "[t]he notes are payable anywhere and, therefore, the situs of payment does not evidence any intent that the Commonwealth was significant to the parties contractual relationship").

  2. **Mr. Connor Did Not Purposefully Avail Himself of the Privilege of Conducting Activities in Massachusetts.**

Even if the Court were to determine that Plaintiff's claim is related to activities of Mr. Connor in Massachusetts, there is no jurisdiction according to the second category of analysis because he did not purposefully avail himself of the privilege of conducting activities in Massachusetts. "In evaluating this element, the court must determine whether the defendant's contacts with Massachusetts represent a purposeful availment of the privilege of conducting activities in Massachusetts, thereby invoking the benefits and protections of its

laws and making the defendant's involuntary presence before the Massachusetts court foreseeable." *Callahan* 138 F.Supp.2d at 160.  Again, Mr. Connor never traveled to Massachusetts for any purpose, much less for the purposes of negotiating the Guarantee and related agreements.  Indeed, all of the negotiations, discussions and certainly the execution of those agreements took place in Broward County, Florida. Ex. C, ¶ 6.  Plaintiffs did not allege anything in the Complaint to suggest otherwise, and that is for a very good reason—Plaintiffs know full well that every aspect of the transactions involving the Guarantee took place in Broward County, Florida.  To the extent Mr. Connor may have tangentially conducted business that related to the state of Massachusetts, such was quite inadvertent and did not give rise to personal jurisdiction of Mr. Connor.

       3.     **The Exercise of Personal Jurisdiction Over Mr. Connor Would Be Patently Unreasonable.**

Even if the Court were to conclude that Mr. Connor purposefully availed himself of the privilege of conducting business in Massachusetts, the third element of analysis, reasonableness, would not met in asserting jurisdiction over Mr. Connor.  Courts hold that:

> In assessing reasonableness, the court focuses on what have been called the "Gestalt factors," that is: (1) the defendants' burden of appearing; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all sovereigns in promoting substantive social policies.

*Callahan*, 138 F.Supp.2d at 162  (quoting *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 209 (1st Cir.1994) (internal quotation marks omitted).  Here, all of these reasonableness factors weigh against Mr. Connor being forced to litigate this matter in Massachusetts.  All of the parties, other than Plaintiff, reside in South Florida.  All of the business negotiations took

place in South Florida. The ultimate resolution of this matter will affect only a business that operates in South Florida. Therefore, by an overwhelming margin, Florida is the sovereign with the strongest interests in the outcome of this litigation. The only interest Plaintiff has in litigating in Massachusetts is to make this matter expensive and burdensome for Mr. Connor to litigate— and thereby to continue his campaign of intimidation against Mr. Connor.

### B.    Proper Venue for this Matter is in Broward County, Florida.

Even if this Court determines that this Court has personal jurisdiction over Mr. Connor, the Court should order that the matter be transferred to the appropriate venue, Broward County, Florida.

The parties to this action never agreed on venue in Massachusetts. The Guarantee has no provisions at all involving jurisdiction or venue and the Note only has a non-exclusive personal jurisdiction provision and **no venue provision.** Ex. 2 at 3 (stating that "[t]he Borrower hereby consents to the non-exclusive personal jurisdiction of the federal and state courts located in Suffolk and Norfolk County, Massachusetts in any and all actions between the Borrower and Lender arising under or in connection with this Promissory Note, the Loan or any other of the Loan Documents"). There being no venue selection agreement between the parties, the issue is appropriate for determination under 28 U.S.C. §1404. According to §1404, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a).

In making a determination under § 1404, the appropriate facts to consider include "the convenience of the parties and witnesses, the availability of documents and the interests of justice." *Gemini Investors Inc. v Ameripark, Inc.* 542 F.Supp.2d 119, 126 (D. Mass., 2008) (citing *Workgroup Tech. Corp. v MGM Grand Hotel*, 246 F.Supp.2d 102, 116 (D.Mass.2003)). Here, all of these factors weigh in favor of this action being heard in the home jurisdiction of all of the Defendants, Broward County, Florida. All of the witnesses that executed all of the documents, with the exception of Plaintiff himself, are located in Broward County, Florida. All of the business operations, and therefore all of the relevant documents, of all of the Defendants, including the corporate Defendants, Kaizen, are located in Broward County, Florida.

While it is true that "great weight" should be afforded Plaintiff's choice of forum, of the other factors to be considered "the convenience to the expected witnesses is probably the most important factor, and the factor most frequently mentioned." *Brookfield Mach., Inc. v Calbrit Design* 929 F.Supp. 491, 501 (D.Mass.,1996) (citing *Princess House, Inc. v Lindsey,* 136 F.R.D. 16, 18 (D.Mass.,1991). Here, all five of the Defendants reside in South Florida and the three corporate Defendants, Kaizen and all of their corporate and management operations, reside in Broward County, Florida. The only potential witness that resides in Massachusetts is Plaintiff. Engaging in the complicated logistics of conducting a trial in a jurisdiction far from all of the witnesses and material documents merely to accommodate the comfort of Plaintiff simply makes no sense. Venue is improper in Massachusetts. Even if this Court determines it has jurisdiction over Mr. Connor, it should transfer venue to Broward County, Florida.

## III. Conclusion

This lawsuit is just one unfortunate facet of a power struggle that has been taking place for the control and ownership of a business enterprise that is located entirely in Broward County, Florida. This action never should have been brought in Massachusetts in the first place and Plaintiff knows it. The only reason it was brought in Massachusetts was Plaintiff's obvious hope that the matter would prove too costly for Mr. Connor to litigate because Plaintiff knows full well he can not win this case on the merits. This Court should not be burdened one more day with this action that was improperly brought in Massachusetts. It should be dismissed as against Mr. Connor for lack of personal jurisdiction and, otherwise, transferred to a Court in Broward County, Florida, the proper venue for this matter.

WHEREFORE, Plaintiff respectfully requests that he be dismissed from this matter under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction and the action should be transferred to Broward County, Florida in accordance with 28 U.S.C. § 1404(a).

> The Defendant
> Kevin Connor
> By his Attorneys,
>
> Francis A. Connor, III /s/
> Francis A. Connor, III
> R.I. Bar No. 4640
> Matthew R. Plain
> R.I. Bar No. 7281
> TAYLOR DUANE BARTON & GILMAN, LLP
> 10 Dorrance Street, Suite 700
> Providence, RI  02903
> 401.273.7171
> 401.273.2904 – Fax

## CERTIFICATE OF SERVICE

I, Francis A. Connor, III, attorney for Defendant, Kevin Connor., hereby certify that on September 22, 2008, I served a copy of the foregoing:

1. Combined Motion to Dismiss for Lack of Personal Jurisdiction and Alternatively, Motion to Transfer Venue.

via first class mail, postage prepaid, to:

Joshua E. Friedman, Esq.
Bernkopf Goodman, LLP
125 Summer Street, suite 1300
Boston, MA  02110

Guy F. Giberson, Esq.
Wadsworth Huott, LLP
200 SE First Street, Suite 1199
Miami, FL  33131

Kaizen Virtual Training, LLC
Kaizen Media Holdings, LLC
D. Kim Hackett
2400 E. Commercial Blvd.
Suite 222
Ft. Lauderdale, FL 33308

Francis A. Connor, III /s/
Francis A. Connor, III