UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DEYESSO,<br>　　　　　　Plaintiff,<br><br>v.<br><br>KAIZEN MANAGEMENT, LLC,<br>KAIZEN MEDIA HOLDINGS LLC,<br>KAIZEN VIRTUAL TRAINING, LLC,<br>D. KIM HACKETT, AND KEVIN<br>CONNOR,<br>　　　　　　Defendants. | Civil Action No. 08-11538-LTS |

### AFFIDAVIT OF WILLIAM DEYESSO

I, William Deyesso, hereby depose and state under oath as follows:

1.　I am the Plaintiff in this civil action, and I am giving this Affidavit in support of my Opposition to Defendant Kevin Connor's ("Connor") Combined Motion to Dismiss for Lack Personal Jurisdiction and Alternatively, Motion to Transfer Venue ("Combined Motion"). I have personal knowledge of the facts set forth in this Affidavit. To the extent that any facts contained in this Affidavit are based upon my information and belief, I believe them to be true.

2.　I am a resident of Massachusetts and I work in Massachusetts. The location of my principal place of business is at 51 Mill Street, Building F, Hanover, Massachusetts 02339.

3.　Both in my business and my personal capacity, I make loans as investments to various business enterprises across the country. One of my agents in finding new investment opportunities is Doug Daniel ("Daniel"). In the second half of 2005, Connor told Daniel of an investment opportunity in Defendants Kaizen Virtual Training, LLC and Kaizen Media Holdings LLC ("Kaizen Entities"). At that time, I had no involvement in or knowledge of the Kaizen Entities.

4.      Shortly thereafter, my colleague Richard P. McCabe ("McCabe") traveled to Florida to meet with Connor regarding my possible investment in the Kaizen Entities. McCabe works with me in Hanover, Massachusetts, and flew to Florida from Boston to discuss my potential investment in the Kaizen Entities with Connor. Connor knew or should have known that I lived in the Boston area and that all of my businesses were based in Massachusetts.

5.      On November 4, 2005, I lent $100,000.00 to Kaizen Entities which was reflected in a Promissory Note dated the same day ("Original Note"). A true and accurate copy of the Original Note is attached hereto as Exhibit "**A**."

6.      The Original Note states that the Kaizen Entities consent "to the non-exclusive personal jurisdiction of the Federal and State courts located in Suffolk and Norfolk County, Massachusetts in any and all actions between the Borrower [i.e. the Kaizen Entities] and the Lender [i.e. me] arising under or in connection with this Promissory Note. The Loan or any other of the Loan Documents." *See* Exhibit A, at p. 2.

7.      The forum selection clause quoted above in the Original Note is similar to the type of clauses I and my businesses put in almost all of our contracts. For example, over 80 separate partnership and/or agency agreements that my businesses have with various entities across the United States have forum selection clauses like the one in the Original Note granting jurisdiction to courts in Massachusetts. I, and my businesses, typically insist on such forum selection clauses in our contracts with out-of-state entities because we are familiar with Massachusetts law, our attorneys are Massachusetts lawyers located in Boston, and it avoids additional expenses related to litigating far from the location of our business.

8.      Following the execution of the Original Note in November 2005, I continued to have a relationship with the Kaizen Entities and with Connor, who was the member of at least

one of the Kaizen Entities. During this period, Connor sought additional infusions of money from me for the Kaizen Entities' operations.

9. Also during this time period or shortly thereafter, both Connor and Defendant D. Kim Hackett ("Hackett") traveled several times to Massachusetts to meet with me and McCabe regarding my investment in the Kaizen Entities.

10. In addition to traveling to Massachusetts, both Connor and Hackett made numerous electronic mail and telephone contacts with me and other people who worked with me, including McCabe, regarding my investment in the Kaizen Entities. These electronic mail and telephone contacts occurred while I was located in Massachusetts, where my business is located and where I live. It is my belief that Connor knew or should have known that I was in Massachusetts during these contacts. For instance, the telephone numbers of my business line, my business facsimile line, and my cell phone all are in the 781 area code, which is well-known to be located in Massachusetts. Connor contacted me numerous times at these 781 telephone numbers.

11. On April 28, 2006, I made an additional loan in the original principal amount of $215,000.00 to the Kaizen Entities, which was reflected by a new Promissory Note ("2006 Note").

12. On September 30, 2006, the Original Note and the 2006 Note were amended, restated, and consolidated into one Promissory Note in the original principal amount of $322,047.66 ("Consolidated Note").

13. Both the 2006 Note and the Consolidated Note had similar forum selection clauses vesting jurisdiction in Massachusetts courts as did the Original Note. Throughout this

whole period, Connor was involved in owning and managing the Kaizen Entities, and he contacted me and visited me in Massachusetts as I indicated above.

14.     On October 1, 2007, the Consolidated Note was amended and restated by a new Promissory Note in the original principal amount of $580,000.00 ("2007 Note").

15.     On January 7, 2008, the 2007 Note was itself amended and restated by a new Promissory Note in the original principal amount of $820,138.48 ("Current Note"). The Current Note is at issue in this pending matter, as I have alleged in the Complaint that the Kaizen Entities breached their obligations under the Current Note. The Current Note has a forum selection clause that is identical to the one in the Original Note and all subsequent notes that I have mentioned in the Affidavit vesting jurisdiction in Massachusetts courts. A true and accurate copy of the Current Note is attached hereto as Exhibit "**B**."

16.     As part of the consideration for the Current Note, Connor agreed to sign a personal guarantee of the Current Note. This guarantee was executed "as a sealed instrument under Massachusetts law" on January 7, 2008. A true and accurate copy of the guarantee of the Current Note signed by Connor, among others, is attached hereto as Exhibit "**C**."

17.     Throughout my many conversations with Connor over the more than three years that I have invested my money in the Kaizen Entities, it is my belief that he must have known that I lived in Massachusetts, that my businesses were located in Massachusetts, and that the

Loan Documents involving the Kaizen Entities, including all of the notes and guarantees, were drafted in Massachusetts pursuant to Massachusetts law. Furthermore, Connor had the opportunity to review the Current Note, which contained a Massachusetts forum selection clause, before he decided to guarantee that note.

Signed under the pains and penalties of perjury this 17th day of October, 2008.

_____
William Deyesso

460363 v1/37881/25

# EXHIBIT "A"

## PROMISSORY NOTE

$100,000.00                                                                November 4, 2005

  FOR VALUE RECEIVED, **Kaizen Virtual Training, LLC and Kaizen Media Holdings LLC**, Florida limited liability companies (the "Borrower") each with a principal place of business at 3660 Maguire Boulevard, Suite 102, Orlando, Florida 32803, jointly and severally, promise to pay to the order of **William DeYesso** (together with any successor holder or holders of this Note, the "Lender"), at his office at c/o 320 Advisors, 51 Mill Street, Building F, Hanover, Massachusetts 02339, or such other place as Lender may designate, the principal sum of One Hundred Thousand and 00/100 ($100,000.00) Dollars, together with interest thereon, as hereinafter set forth.

  Prior to maturity, interest on the principal balance of the loan outstanding from time to time shall accrue from the date hereof at the rate of six percent (6%) per year. Interest shall be computed on the basis of a three hundred and sixty (360) day year and shall be paid for the actual number of days in the monthly payment period. Any payment may be applied to interest, principal and/or other charges due Lender in such order and amounts as Lender in its sole discretion shall determine. Monthly installments of principal in the amount of $10,000.00, together with all accrued interest shall be due and payable on the first day of each month commencing on December 1, 2005.

  Subject to acceleration, the entire outstanding principal balance of the loan (the "Loan") evidenced by this Note, together with any unpaid interest and other charges as may be due hereunder, shall be paid two hundred forty days after the date hereof (the "Maturity Date"), without any grace or cure period.

  In the event of a default hereunder or any guaranty executed by any guarantor of this Note in connection with the loan evidenced by this Note (together with this Note, the "Loan Documents") which default is not cured within the applicable grace period, if any, Lender, at its option, may declare immediately due and payable the entire outstanding balance of principal and interest together with all other charges to which Lender may be entitled. In the event of any such uncured default, or if this Note is so accelerated or any amounts due hereunder are not paid on the Maturity Date, all amounts due hereunder shall, after such uncured default, acceleration or such Maturity Date, as the case may be, bear interest at the rate of eighteen percent (18%) per year until paid.

  In the event that payment due hereunder is not paid when due, Lender shall have the right, in addition to any other rights hereunder, to collect a late charge as compensation for increased costs of administering such late payment. Such late charge shall be in an amount equal to five (5%) percent of the amount of such late payment, and shall be due and payable upon demand.

  This Note may be prepaid, in whole, or in part.

  Any notice required or permitted to be delivered hereunder shall be in writing and shall be deemed to be delivered on the earlier of: (i) the date received, or (ii) the date of delivery, refusal, or non-delivery indicated on the return receipt if deposited in a United States Postal Service depository, postage prepaid, sent registered or certified mail, return receipt requested, addressed to the party to



-1-

receive the same at the address of such party set forth at the beginning of this Note, or at such other address as may be designated in a notice delivered or mailed as herein provided.

The obligations of Borrower hereunder, if more than one, shall be joint and several.

Borrower agrees to pay all charges (including reasonable attorney's fees) of Lender in connection with the collection and/or enforcement of this Note or any other Loan Document or in protecting or preserving the security for this Note, whether or not suit is brought against Borrower.

The failure of Lender at any time to exercise any option or right hereunder shall not constitute a waiver of Lender's right to exercise such option or right at any other time.

Borrower and all endorsers and guarantors of this Note hereby jointly and severally waive presentment, demand, notice, protest and all other suretyship defenses generally and agree that any: (i) renewal, extension or postponement of the time of payment or any other indulgence; (ii) modification, supplement or alteration of any of the Borrower's obligations undertaken in connection with this Note or any of the other Loan Documents; or (iii) substitution, exchange or release of collateral or the addition or release of any person or entity primarily or secondarily liable, may be effected without notice to Borrower or any endorser or guarantor of Borrower's obligations, and without releasing Borrower or such endorser or guarantor from any liability hereunder.

This instrument shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts; provided, however, that if any applicable conflict or choice of law rules would choose the law of another state, the Borrower waives such rules and agrees that Massachusetts substantive, procedural and constitutional law shall nonetheless govern.

The Borrower hereby consents to the non-exclusive personal jurisdiction of the federal and state courts located in Suffolk and Norfolk County, Massachusetts in any and all actions between the Borrower and Lender arising under or in connection with this Promissory Note, the Loan or any other of the Loan Documents.

THE BORROWER, BEING AN EXPERIENCED PARTICIPANT IN REAL ESTATE VENTURES, AND HAVING CONSULTED WITH COUNSEL OF THE BORROWER'S CHOOSING, HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY ACTION OR PROCEEDING (i) BROUGHT BY BORROWER, LENDER OR ANY OTHER PERSON RELATING TO (a) THE LOAN, (b) THIS PROMISSORY NOTE, OR (c) ANY OF THE OTHER LOAN DOCUMENTS, OR (ii) TO WHICH LENDER IS A PARTY (WHETHER SUCH CASE OR CONTROVERSY IS INITIATED BY OR AGAINST THE LENDER OR IN WHICH THE LENDER IS JOINED AS A PARTY LITIGANT). THE BORROWER HEREBY AGREES THAT THIS PROMISSORY NOTE CONSTITUTES A WRITTEN CONSENT TO WAIVER OF TRIAL BY JURY, AND THE BORROWER DOES HEREBY CONSTITUTE AND APPOINT LENDER THE BORROWER'S TRUE AND LAWFUL ATTORNEY-IN-FACT, WHICH APPOINTMENT IS COUPLED WITH AN INTEREST, AND THE BORROWER DOES HEREBY AUTHORIZE AND EMPOWER LENDER, IN THE NAME, PLACE AND STEAD OF THE BORROWER, TO FILE THIS WITH THE CLERK OR JUDGE OF ANY COURT OF COMPETENT JURISDICTION AS A STATUTORY WRITTEN CONSENT TO WAIVER OF



-2-

TRIAL BY JURY. THE BORROWER ACKNOWLEDGES THAT ITS WAIVER OF TRIAL BY JURY HAS BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY THE BORROWER, AND ONLY AFTER CONSULTATION WITH SOPHISTICATED LEGAL COUNSEL OF THE BORROWER'S OWN CHOOSING, AS PART OF A BARGAINED-FOR LOAN TRANSACTION.

If any provision of this Note is held to be invalid or unenforceable by a court of competent jurisdiction, the other provisions of this Note shall remain in full force and effect. If the payment of any interest due hereunder would subject Lender to any penalty under applicable law, then the payments due hereunder shall be automatically reduced to what they would be at the highest rate authorized under applicable law.

EXECUTED as an instrument under seal.

BORROWER:

**KAIZEN VIRTUAL TRAINING, LLC**

By: _____
Robert Jones, Manager

**KAIZEN MEDIA HOLDINGS LLC**

By: _____
Robert Jones, Manager

WITNESS:

#326152 v1/99999/222

-3-



# EXHIBIT "B"

## SECOND AMENDED, RESTATED AND CONSOLIDATED PROMISSORY NOTE

$820,138.48                                                                                    January 7, 2008

### RECITALS:

A.   William DeYesso ("Lender") having a principal place of business and mailing address c/o 320 Advisors, 51 Mill Street, Bldg. F, Hanover, MA 02339, is the present owner and holder of, and Kaizen Virtual Training, LLC and Kaizen Media Holdings, LLC, both Florida limited liability companies (the "Borrower") each with a principal place of business of 2400 E. Commercial Boulevard, Suite 222, Ft. Lauderdale, Florida 33308, are the original makers and obligors under those two certain Promissory Notes made payable to the order of the Lender (the "Existing Notes"), one of which is dated November 4, 2005, and is in the original principal amount of $100,000.00 (the "2005 Note") and the other of which is dated April 28, 2006 and is in the original principal amount of $215,000.00 (the "2006 Note").

B.   The 2005 Note and the 2006 Note were amended, restated and consolidated into one promissory note dated September 30, 2006 in the original principal amount of $322,047.66 (the "Consolidated Note").

C.   The Lender made four additional advances to the Borrower; one in the amount of $25,000.00 on May 31, 2007, one in the amount of $35,000.00 on July 2, 2007, one in the amount of $30,000.00 on September 20, 2007 and the other in the amount of $88,089.55 on October 1, 2007.

D.   The Consolidated Note was amended and restated by a Promissory Note dated October 1, 2007 in the principal amount of $580,000.00 (the "Amended Note").

E.   The Borrower has asked Lender to make an additional advance of $186,000.00.

F.   The Borrower is in default under the Amended Note for, including but not limited to, having failed to pay certain sums due and owing to Lender as required under the Amended Note.

G.   The Borrower is obligated to the Lender in the amount of $16,000.00 for legal fees incurred by Lender on account of the Borrower defaults. Payment for certain of those legal fees has been advanced by lender and an additional $15,000.00 is being advanced to the Borrower and paid directly to Lender's counsel contemporaneously with the additional advance being made pursuant to E above and shall be immediately paid from those sums to Lender's counsel.

H.   The aggregate unpaid balance of the Amended Note due and owing to Lender as of the date hereof exclusive of any additional advances is $619,138.48 (the "Indebtedness").

I.   This Note is given by the Borrower to the Lender in substitution and replacement for the Amended Note, to amend and restate the terms of the Amended Note and to reflect the additional advances made by the Lender and all interest due thereunder. The Borrower does not intend for the substitution and replacement of this Note for the Amended Note to constitute, nor shall such be deemed to constitute, a novation or extinguishment of the Amended Note and the substitution and replacement of this Note for the Amended Note shall in no event impair, limit, reduce or otherwise discharge the liability of the Borrower or any obligor of the Amended Note which liability is hereby reaffirmed by the Borrower. Therefore, the Amended Note is hereby amended and restated and consolidated and replaced in its entirety by this Note.

FOR VALUE RECEIVED, **Kaizen Virtual Training, LLC and Kaizen Media Holdings LLC,** Florida limited liability companies (the "Borrower") each with a principal place of business at 2400 E. Commercial Boulevard, Suite 222, Ft. Lauderdale, Florida 33308, promise to pay to the order of **William DeYesso** (together with any successor holder or holders of this Promissory Note, the "Lender"), with an office at c/o 320 Advisors, 51 Mill Street, Building F, Hanover, Massachusetts 02339, or such other place as Lender may designate, the principal sum of $820,138.48 (the "Loan Amount"), together with interest thereon, as hereinafter set forth.

Prior to maturity, interest on the principal balance of the loan outstanding from time to time shall accrue from the date hereof at the rate of eighteen (18%) percent per annum. Interest shall be computed on the basis of a three hundred and sixty (360) day year and shall be paid for the actual number of days in the monthly payment period. Monthly payments of interest only in the amount of $12,302.08 are to be paid on the seventh day of each month commencing on February 7, 2008, and thereafter on the seventh day of each calendar month for the course of the term until the Maturity Date. After a default hereunder, any payment may be applied to interest, principal and/or other charges due Lender in such order and amounts as Lender in its sole discretion shall determine.

Subject to acceleration, the entire outstanding principal balance of the loan (the "Loan") evidenced by this Note, together with any unpaid interest and other charges as may be due hereunder, shall be paid on December 31, 2008 (the "Maturity Date"), without any grace or cure period.

In the event of a default hereunder or any guaranty executed by any guarantor of this Note, which default is not cured within the applicable grace period, if any, Lender, at its option, may declare immediately due and payable the entire outstanding balance of principal and interest together with all other charges to which Lender may be entitled. In the event of any such uncured default, or if this Note is so accelerated or any amounts due hereunder are not paid on or by the Maturity Date, all amounts due hereunder shall, after such uncured default, acceleration or by such Maturity Date, as the case may be, bear interest at the lesser rate of twenty four percent (24%) per year or the highest annual rate permitted by applicable law until paid.

In the event that payment due hereunder is not paid when due, Lender shall have the right, in addition to any other rights hereunder, to collect a late charge as compensation for increased costs of administering such late payment. Such late charge shall be in an amount equal to five (5%) percent of the amount of such late payment, and shall be due and payable upon demand.

This Note may be prepaid, in whole, or in part.

Any notice required or permitted to be delivered hereunder shall be in writing and shall be deemed to be delivered on the earlier of: (i) the date received, or (ii) the date of delivery, refusal, or non-delivery indicated on the return receipt if deposited in a United States Postal Service depository, postage prepaid, sent registered or certified mail, return receipt requested, addressed to the party to receive the same at the address of such party set forth at the beginning of this Note, or at such other address as may be designated in a notice delivered or mailed as herein provided.

The obligations of Borrower hereunder, if more than one, shall be joint and several.

Borrower agrees to pay all charges (including reasonable attorney's fees) of Lender in connection with the collection and/or enforcement of this Note or any other Loan Document or in protecting or preserving the security for this Note, whether or not suit is brought against Borrower.

The failure of Lender at any time to exercise any option or right hereunder or arising out of any document executed in accordance herewith or any document executed in conjunction with the Existing Notes, the Consolidated Note or the Amended Note shall not constitute a waiver of Lender's right to exercise such option or right at any other time.

Borrower and all endorsers and guarantors of this Note hereby jointly and severally waive presentment, demand, notice, protest and all other suretyship defenses generally and agree that any: (i) renewal, extension or postponement of the time of payment or any other indulgence; (ii) modification, supplement or alteration of any of the Borrower's obligations undertaken in connection with this Note or any of the other Loan Documents; or (iii) substitution, exchange or release of collateral or the addition or release of any person or entity primarily or secondarily liable, may be effected without notice to Borrower or any endorser or guarantor of Borrower's obligations, and without releasing Borrower or such endorser or guarantor from any liability hereunder.

This instrument shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts; provided, however, that if any applicable conflict or choice of law rules would choose the law of another state, the Borrower waives such rules and agrees that Massachusetts substantive, procedural and constitutional law shall nonetheless govern.

The Borrower hereby consents to the non-exclusive personal jurisdiction of the federal and state courts located in Suffolk and Norfolk County, Massachusetts in any and all actions between the Borrower and Lender arising under or in connection with this Promissory Note, the Loan or any other of the Loan Documents.

THE BORROWER, BEING AN EXPERIENCED PARTICIPANT IN REAL ESTATE VENTURES, AND HAVING CONSULTED WITH COUNSEL OF THE BORROWER'S CHOOSING, HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO ANY ACTION OR PROCEEDING (i) BROUGHT BY BORROWER, LENDER OR ANY OTHER PERSON RELATING TO (a) THE LOAN, (b) THIS PROMISSORY NOTE, OR (c) ANY OF THE OTHER LOAN DOCUMENTS, OR (ii) TO WHICH LENDER IS A PARTY (WHETHER SUCH CASE OR CONTROVERSY IS INITIATED BY OR AGAINST THE LENDER OR IN WHICH THE LENDER IS JOINED AS A PARTY LITIGANT). THE BORROWER HEREBY AGREES THAT THIS PROMISSORY NOTE CONSTITUTES A WRITTEN CONSENT TO WAIVER OF TRIAL BY JURY, AND THE BORROWER DOES HEREBY CONSTITUTE AND APPOINT LENDER THE BORROWER'S TRUE AND LAWFUL ATTORNEY-IN-FACT, WHICH APPOINTMENT IS COUPLED WITH AN INTEREST, AND THE BORROWER DOES HEREBY AUTHORIZE AND EMPOWER LENDER, IN THE NAME, PLACE AND STEAD OF THE BORROWER, TO FILE THIS WITH THE CLERK OR JUDGE OF ANY COURT OF COMPETENT JURISDICTION AS A STATUTORY WRITTEN CONSENT TO WAIVER OF TRIAL BY JURY. THE BORROWER ACKNOWLEDGES THAT ITS WAIVER OF TRIAL BY JURY HAS BEEN MADE KNOWINGLY, INTENTIONALLY AND WILLINGLY BY THE BORROWER, AND ONLY AFTER CONSULTATION WITH SOPHISTICATED LEGAL COUNSEL OF THE BORROWER'S OWN CHOOSING, AS PART OF A BARGAINED-FOR LOAN TRANSACTION.

If any provision of this Note is held to be invalid or unenforceable by a court of competent jurisdiction, the other provisions of this Note shall remain in full force and effect. If the payment of any interest due hereunder would subject Lender to any penalty under applicable law, then the payments due hereunder shall be automatically reduced to what they would be at the highest rate authorized under applicable law.



EXECUTED as an instrument under seal.

WITNESS TO ALL:

BORROWER:

KAIZEN VIRTUAL TRAINING, LLC

By: _____
Name: Kim Hackett
Its: CEO

KAIZEN MEDIA HOLDINGS LLC

By: _____
Name: D. Kim Hackett
Its: CEO

Its: _____

440918 v1/37881/10

# EXHIBIT "C"

## AMENDED GUARANTEE

| | |
|---|---|
| The Guarantors -- | D. Kim Hackett, Kevin Connor and Kaizen Management, LLC<br>3660 Maguire Boulevard  2400 E Commercial Blvd  DKH<br>Suite 102<br>Orlando, FL 32803  Fort Lauderdale, FL 33308 |
| The Lender -- | William DeYesso<br>c/o 320 Advisors<br>51 Mill Street<br>Building F<br>Hanover, MA 02339 |
| The Borrower -- | Kaizen Media Holdings LLC and<br>Kaizen Virtual Training LLC<br>3660 Maguire Boulevard<br>Suite 102<br>Orlando, FL 32803 |
| The Loan Amount -- | $820,138.48 |
| The Note -- | That certain Second Amended, Restated and Consolidated Promissory Note of even date by the Borrower, as maker, to the Lender, as payee, in the original principal amount of $820,138.48. |
| The Loan Documents -- | Collectively, this Amended Guaranty as well as the Note and the Pledge Agreement which secures same, as each may be amended, extended or renewed. |

This Amended Guaranty is executed and delivered to induce the Lender to lend the Loan Amount to the Borrower as evidenced and secured by the Loan Documents.

1. **Guaranty of Obligations.** Each Guarantor unconditionally and absolutely guarantees to the Lender the full and punctual payment of the Loan Amount, interest and all other amounts payable under the Note and all other Loan Documents as and when the same shall be payable as provided in the Note and all other Loan Documents, or by acceleration at the option of any holder of the Note in accordance with the provisions of the Note.

Each Guarantor also unconditionally and absolutely guarantees to the Lender the full, complete and punctual performance of all the Borrower's other obligations under the Note and each of the other Loan Documents.

2. **Guaranty of Fees and Expenses.** Each Guarantor guarantees to the Lender the payment of any and all expenses paid or incurred by the Lender (including, without limitation, reasonable attorneys' fees) in connection with the enforcement of the obligations guaranteed hereunder and the obligations of every Guarantor hereunder, whether or not suit is commenced.

3. **Guaranty Absolute and Unconditional.** Because this Amended Guaranty is a continuing, unconditional and absolute guaranty of payment and performance, and not merely of collectibility, this

Amended Guaranty is not conditioned or contingent upon the genuineness, validity, or enforceability of the Loan Documents or other instruments relating to the creation or performance of the Borrower's obligations guaranteed hereunder or the pursuit by the Lender of any remedies which the Lender now has or may hereafter have with respect thereto under the Loan Documents at law, in equity or otherwise. Furthermore, the Guarantor shall forthwith pay all sums due to Lender hereunder without regard to any counterclaim, setoff, deduction or defense of any kind which Borrower or Guarantor may have or assert, and without abatement, suspension, deferment or reduction on account of any occurrence whatsoever.

4. <u>Guarantor's Liability Effective Immediately on Default in Loan</u>. Upon any and every default (continued uncured after any applicable grace period) of any of the obligations of the Borrower under any of the Loan Documents, the liability of each Guarantor shall be effective immediately and without notice and shall be satisfied as to such default on demand; and without limiting the generality of the foregoing, the Lender shall have no obligation to exercise any right or remedy or to seek any recovery from the Borrower or any other Guarantor thereof, prior to proceeding hereunder against each or any Guarantor, and likewise the enforcement of the Lender's rights against the Borrower, any other party to the Loan Documents, or any Guarantor of the Borrower's loan obligations shall not impair the right of the Lender to enforce this Amended Guaranty against each other Guarantor, each Guarantor expressly agreeing that any such action by the Lender shall never operate as a release or other diminution of the liability of any Guarantor under this Amended Guaranty.

5. <u>Guarantor's Liability Unaffected</u>. In each case, regardless of whether the same occurs with or without notice to the Borrower, or any Guarantor, and with or without consideration, to the fullest extent now or hereafter permitted by applicable law, the liability of each Guarantor shall be unaffected by:

(i) the accuracy or inaccuracy of any of the representations or warranties made by the Borrower, or the Guarantors under any Loan Document or otherwise;

(ii) any amendment or modification of the provisions of the Loan Documents, but no such amendment or modification shall operate so as to increase the scope of any Guarantor's liability hereunder unless such amendment or modification is assented to by the applicable Guarantor;

(iii) any extension(s) of the time for or waiver(s) of performance under any Loan Document;

(iv) the release of Borrower, any Guarantor, or any other person or entity, from performance or observance of the agreements, covenants, terms, indebtedness or conditions contained in any of the Loan Documents, whether by operation of law, the Lender's voluntary act, or otherwise;

(v) the filing of any bankruptcy, reorganization of similar proceeding for relief from creditors by or against the Borrower, or any other Guarantor;

(vi) the reorganization, merger, or consolidation of Borrower or any Guarantor into or with another entity, corporate or otherwise, or the sale or disposition of all or substantially all of the capital stock, business, or assets of the Borrower or any Guarantor to any other person or party.

6. <u>Guarantor's Waiver</u>. Each Guarantor hereby waives and relinquishes to the fullest extent now or hereafter permitted by applicable law:

(a) all suretyship defenses and defenses in nature thereof;

- 2 -



(b) any right or claim of right to require Lender to proceed against any other Guarantor or any of the Guarantors in any particular order;

(c) all defenses which might constitute a legal or equitable discharge of a surety or guarantor;

(d) notice of the acceptance hereof, notice of incurring indebtedness and obligations by Borrower, presentment, demand for payment, protest, notice of protest, or any and all notice of non-payment, non-performance or non-observance or other proof or notice of demand whereby to charge the Guarantor therefor; and

(e) the pleading of any Statute of Limitations as a defense of his, her, or their obligations hereunder.

7. <u>No Waiver/Severability</u>. Each Guarantor agrees that the failure of the Lender in any one instance to proceed against any or all Guarantor(s) to enforce any of the Lender's rights hereunder with respect to any default shall not constitute a waiver of the Lender's right thereafter to proceed to enforce its rights with respect to such default or to any or all other defaults. Each Guarantor agrees not to assert or interpose any suretyship defense whatsoever. In the event any provision of this Amended Guaranty is determined by any court of competent jurisdiction to be invalid for any reason whatsoever, such invalidity shall not operate to render any other provision hereof invalid.

8. <u>Joint and Several</u>. The obligations of each Guarantor and her/his/its respective successors, assigns, heirs and personal representatives shall be and remain joint and several.

9. <u>Cumulative Rights</u>. Lender's rights under this Amended Guaranty shall be in addition to and not in limitation of all of the rights and remedies of Lender under the other Loan Documents. All rights and remedies of the Lender shall be cumulative and may be exercised in such manner and combination as Lender may determine in its sole discretion.

10. <u>Full Payment is Satisfaction</u>. Upon full payment of the Note, if there shall not then be any other obligations outstanding under the Loan Documents, the obligations of each Guarantor under this Amended Guaranty shall cease, become null and void and be of no further force or effect.

Provided, however, notwithstanding the foregoing, if for any reason any payment to the lender of any obligations to which this Amended Guaranty is applicable is required to be refunded to the Borrower, or paid over to any other party, including, without limitation, by reason of the operation of bankruptcy, creditor limitation, by reason of the operation of bankruptcy, creditor protection, or insolvency laws now or hereafter enacted (whether as a preference, fraudulent transfer, or otherwise), the obligations of the undersigned shall not be treated as having been discharged by reason of the payment to the Lender giving rise to such repayment obligation, and this Amended Guaranty shall be treated as having remained in full force and effect as to any such repayments made by the Lender.

11. <u>Prohibited Transfers</u>. Without the Lender's prior written consent, no Guarantor shall transfer any of his/her/its property, real or personal, or release any valuable contract right or claim, either voluntarily or involuntarily, absolutely or collaterally, without receiving reasonably equivalent value therefor. The Guarantor agrees that any transfer or release in violation of the foregoing provision shall <u>per se</u> be deemed to have occurred with an intent to defraud creditors.



12.  **Prior Guaranty**.  This Amended Guaranty amends that Guaranty dated October 1, 2007 which amended a prior Guaranty dated September 30, 2006.

EXECUTED as a sealed instrument under Massachusetts law as of this 7th day of January, 2008.

GUARANTORS:

_____
D. Kim Hackett, Individually

_____
Kevin Connor, Individually

KAIZEN MANAGEMENT, LLC

By: _____
D. Kim Hackett, Managing Member

440921 v1/37881/10

- 4 -