UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM DEYESSO,<br>      Plaintiff,<br><br>v.<br><br>KAIZEN MANAGEMENT, LLC,<br>KAIZEN MEDIA HOLDINGS LLC,<br>KAIZEN VIRTUAL TRAINING, LLC,<br>D. KIM HACKETT, AND KEVIN CONNOR<br>      Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 08-11538-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO COUNTERCLAIMS

Plaintiff William Deyesso ("Deyesso") hereby answers the various allegations of Kevin Connor's Counterclaims ("Connor"), with the objection to the Counterclaims that they violate Fed. R. Civ. P. 10(b) for the failure to limit each numbered paragraph to a statement of a single set of circumstances, as follows:

### COUNTERCLAIM/CROSSCLAIM

1. Deyesso admits the allegations contained in Paragraph 1 of Connor's Counterclaim.

2. Deyesso is without sufficient knowledge to admit or deny the allegations contained in Paragraph 2 of the Connor's Counterclaim.

3. Paragraph 3 contains legal arguments to which no answer is required. To the extent that any answer is required, Deyesso admits that the Court has personal jurisdiction over Plaintiff/Defendant-in-Counterclaim William Deyesso ("Deyesso") and Defendant D. Kim Hackett ("Hackett").

4. Paragraph 4 contains legal arguments to which no answer is required. To the extent that any answer is required, Deyesso admits that the Court has personal jurisdiction over

Defendant/Plaintiff-in-Counterclaim Kevin Connor ("Connor"), but denies the remainder of the allegations contained in Paragraph 4.

## General Allegations

5.  Deyesso is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of the Connor's Counterclaim. To the extent that an answer is required, Deyesso denies the allegations contained in Paragraph 5.

6.  Paragraph 6 contains legal conclusions to which no answer is required. To the extent that any answer is required, Deyesso is without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of Connor's Counterclaim. Further answering, to the extent Deyesso has any knowledge to any of the allegations contained in Paragraph 6, Deyesso denies those allegations.

7.  Deyesso is without sufficient knowledge to admit or deny in the first two sentences of Paragraph 7 of Connor's Counterclaim. Further answering, Deyesso admits that he invested in the Kaizen Makers by means of loans, and that he discussed such investments with Connor and others. Deyesso denies the remainder of the allegations contained in Paragraph 7.

8.  Deyesso denies the allegations contained in Paragraph 8 of Connor's Counterclaim.

9.  Deyesso denies the allegations contained in Paragraph 9 of Connor's Counterclaim.

10. Deyesso denies the allegations contained in Paragraph 10 of Connor's Counterclaim.

11. Deyesso denies the allegations contained in Paragraph 11 of Connor's Counterclaim.

12. Deyesso denies the allegations contained in Paragraph 12 of Connor's Counterclaim.

13. Deyesso denies the allegations contained in Paragraph 13 of Connor's Counterclaim.

## COUNT I
## FRAUD/RESCISSION

14. Deyesso repeats and realleges herein by reference his answers to Paragraphs 1 through 13 of Connor's Counterclaims, as if herein fully set forth.

15. Deyesso denies the allegations contained in Paragraph 15 and any sub-paragraphs therein.

16. Deyesso denies the allegations contained in Paragraph 16 of Connor's Counterclaim.

17. Deyesso denies the allegations contained in Paragraph 17 of Connor's Counterclaim.

18. Deyesso denies the allegations contained in Paragraph 18 of Connor's Counterclaim.

19. Deyesso denies the allegations contained in Paragraph 19 of Connor's Counterclaim.

20. Deyesso denies the allegations contained in Paragraph 20 of Connor's Counterclaim.

21. Deyesso denies the allegations contained in Paragraph 21 of Connor's Counterclaim.

## COUNT II
## FRAUDULENT INDUCEMENT/COUNTERCLAIM AGAINST HACKETT

22. Deyesso repeats and realleges herein by reference his answers to Paragraphs 1 through 21 of Connor's Counterclaims, as if herein fully set forth.

23. To the extent that an answer is required to Paragraph 23, Deyesso denies those allegations.

24. To the extent that an answer is required to Paragraph 24, Deyesso denies those allegations.

25. To the extent that an answer is required to Paragraph 25, Deyesso denies those allegations.

26. To the extent that an answer is required to Paragraph 26, Deyesso denies those allegations.

27. To the extent that an answer is required to Paragraph 27, Deyesso denies those allegations.

## COUNT III
## UNPAID WAGES

28. Deyesso repeats and realleges herein by reference his answers to Paragraphs 1 through 27 of Connor's Counterclaims, as if herein fully set forth.

29. Deyesso denies the allegations contained in Paragraph 29 of Connor's Counterclaim.

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Connor's Counterclaims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

The claims asserted by Connor are barred by the doctrine of estoppel.

### Third Affirmative Defense

The claims asserted by Connor are barred by the doctrine of laches.

### Fourth Affirmative Defense

The claims asserted by Connor are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

The claims asserted by Connor are barred by his failure to mitigate.

### Sixth Affirmative Defense

Deyesso is entitled to attorneys' fees and costs as the claims asserted by Connor are frivolous, advanced in bad faith, and violate G.L. c. 231, § 6F.

Respectfully submitted,
WILLIAM DEYESSO,
By his attorneys,


　/s/ Joshua E. Friedman, Esq.
Joshua E. Friedman, Esquire, BBO No.645256
Bernkopf Goodman LLP
125 Summer Street, Suite 1300
Boston, Massachusetts 02110
Telephone:     (617) 790-3000
Facsimile:     (617) 790-3300
jefriedman@bg-llp.com

Dated: January 30, 2009
467391 v1/37881/25

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on October 20, 2008

/s/ Joshua E. Friedman

5